_____

**IN THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

_____

**THE UNITED STATES OF AMERICA,**

**v.**

**MICHAEL STRAUSBAUGH.**

12-2434

**Appellant's Brief**

**Appeal from the decision of the District Court for the Middle District of Pennsylvania
No: 1:11-cr-00096-01-WWC**

Brett J. Riegel, Esq.
Anders, Riegel & Masington, L.L.C.
18 North 8th Street
Stroudsburg PA 18360
(570) 424-1117

Michael Strausbaugh, Appellant.

i

# TABLE OF CONTENTS

CAPTION PAGE…………………………………………………….………………… i

TABLE OF CONTENTS………………………………………………………….……… ii

TABLE OF CITATIONS ....................................................................................... iv

CORPORATE DISCLOSURE STATEMENT .................................................... vii

STATEMENT REGARDING ORAL ARGUMENT ............................................. 1

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ........................... 2

STATEMENT OF THE CASE ............................................................................... 3

STATEMENT OF RELATED CASES AND PROCEEDINGS ............................ 4

STANDARD OF REVIEW ................................................................................... 5

SUMMARY OF THE ARGUMENT ..................................................................... 6

ARGUMENT ....................................................................................................... 7

    I.     Whether the Trial Court Allowed a Violation of the Treaty Between the United States and Canada ..………………………........................................................... 7

    II.    Whether the Trial Court Erred in Not Suppressing the Evidence Obtained by the Warrant ………………………………....................................................... 9

    III.    Whether the Trial Court Should Have Limited It's Finding of Probable Cause to a Specific Camera and Specific Pictures………………………………......... 16

    IV.    Whether The Internet Protocol Investigation Proved Fertile Enough to Support Probable Cause ..…………………………………………….…………….… 18

    V.    Whether the Trial Court Erred in Denying the Motion for Acquittal….……... 20

    VI.    Whether the Trial Court Erred in Admitting the Custodial Interrogation of the Appellant……………………….……………………………………….…………….. 22

VII.    Whether the Proportionality of the Punishment of the Criminal Offense Results in Cruel and Unusual Punishment……………………………………………… 23

CONCLUSION ....................................................................................................... 27

CERTIFICATE OF BAR MEMBERSHIP................................................................ 28

CERTIFICATE OF WORD COUNT AND COMPLIANCE WITH RULE 32(a) …………… 29

CERTIFICATE OF SERVICE UPON COUNSEL ................................................... 30

CERTIFICATE OF IDENTICAL COMPLIANCE OF BRIEFS................................ 31

CERTIFICATE OF VIRUS CHECK ........................................................................ 32

# TABLE OF AUTHORITIES

<u>CASES</u>

<u>Aguilar v. Texas</u>, 37 US 108, 9 L.Ed. 1017 (1964)……………………………….. 12, 14, 17, 18

<u>Berghurs v. Thomkins</u>, 130 S.Ct. 2250, 2260, 176 L.Ed.2d 1098 (2010)…………………….. 22

<u>Faloona v. Hustler Magazine Inc.</u>, 607 F.Supp. 134 (N.D. Tex. 1995)…………….…..….. 11, 13

<u>Franks v. Delaware</u>, 438 US 154, 155, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978)……………..…. 18

<u>Giordenello v. United States</u>, 357 US 480, 2 L.Ed. 1503, 78 S.Ct. 1245……………………... 14

<u>Gonzales v. Raich</u>, 545 US 1, 125 S.Ct. 2195, 162 L.Ed.2d 1 (2005)………………………… 20

<u>Graham v. Florida</u>, 130 S.Ct. 2011, 2021 (2010)……………………………………………… 23

<u>Illinois v. Gates</u>, 462 US 213, 236-38, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)…..…… 12, 18, 20

<u>Johnson v. United States</u>, 333 US 10, 14 [92 L.Ed. 436, 440, 68 S.Ct. 367]………………. 14, 17

<u>Jones v. United States</u>, 362 US 257, 271, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960)…….…... 14, 14, 17

<u>Miranda v. Arizona</u>, 348 US 436, 86 S.Ct. 1602, 16 L.Ed.2d 286 (1979)…………………….. 22

<u>Nathanson v. United States</u>, 290 US 41, 78 L.Ed. 159, 54 S.Ct. 11 (1933)………... 14, 16, 17, 18

<u>Spinelli v. United States</u>, 393 US 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969)……………… 12, 18

<u>United States v. Alkhabaz</u>, 104 F.3d 1492 (6th Cir. 1997)………………………………...…… 17

<u>United States v. Bonner</u>, 469 Fed. Appx. 119, 2012 U.S. App. LEXIS 8823 (3d Cir. April 16, 2012) ...………………………………………………………………………………4`……. 22

<u>United States v. C.R.</u>, 792 F.Supp.2d 343, 2011 U.S. Dist. LEXIS 53497 (E.D.N.Y. 2011) …. 23

<u>United States v. Dost</u>, (1986 S.D. CAL) 636 F.Supp. 828, affd' (1987 CA9 CALO 812 F.2d 1239, cert. denied, (1987) 484 US 556, 108 S.Ct. 164, 98 L.Ed.2d 118………………………. 10

<u>United States v. Hopkins</u>, 220 Fed. Appx. 155 (3d Cir.) March 30; 2007……………….……. 15

United States v. Irey, 612 F.3d 1160 (11th Cir. 2012)……………………………………….. 24, 25

United States v. Jones, 994 F.2d 1051, 28 V.I. 375 (3d Cir. 1983)……………………………. 20

United States v. Kane, 470 F.'3d 1277 (8th Cir. 2006)…………………………………………… 24

United States v. Kemmerling, (2002, CAB Iowa) 283 F.3d 644, cert. denied (2002), 537 US 860, 154 L.Ed.2d 99, 128 S.Ct. 237……………..……………………………………..………… 10, 11, 12, 18

United States v. Larkin, (2010 CA3 PA) 629 F.3d 177……………………..…………… 11, 12

United States v. Tehfe, 722 F.2d 1114, 1117 (3d Cir. 1983)…………..……………………….... 20

United States v. Villard, 885 F.2d 117, 125 (3d Cir. 1989)…………………………………….. 12

United States v. West, 520 F.3d 604, (6th Cir. 2007)……………………………..……………… 18

United States v. Wiegand, 812 F.2d 1234 , 1245 (9th Cir. 1987)…………..……………...…. 11, 12

United States v. Woods, 254 Fed. Appx. 889, April 23, 2007 (3d Cir.)………………..……….. 12

Wickard v. Filburn, 317 US 111, 63 S.Ct. 82, 87 L.Ed 122 (1942)……………………….…… 21

## STATUTES AND RULES

18 U.S.C. §875(c)……………………………………………………………………………… 18

18 U.S.C. § 2251(a)…………………………………………………………………..…….… 13

11 U.S.C. § 2252……………………………………………………………………………… 20, 21

18 U.S.C. § 2252A……………………………………………………………………...……… 13

18 U.S.C. § 2256(2) et seq………………………………………………………………………… 9

18 U.S.C. § 2256(2) (E)……………………………………………………..…………………… 9, 10

18 U.S.C. § 2256 (8)……………………………………………………………………...……… 9

Fed. R. App. P. 25(b) ………………………………………………………………………………29

Fed. R. App. P. 32(a)(5) ………………………………………………………………………..…… 28

Fed. R. App. P. 32(a)(6) …………………………………………………………………... 28

Fed. R. App. P. 32(a)(7)(A) …………………………………………….…………… 28

Fed. R. App. P. 32(a)(7)(B) …………………………………………..……………28

U.S. Const. amend. IV ……………………………………………………….. 9

U.S. Const. amend. VII ………………………………….…………….…..….. 23

<u>TREATIES</u>

Mutual Legal Assistance Treaty…………………………….……………………… 7, 8

**CORPORATE DISCLOSURE STATEMENT**

The Appellant is Michael Strausbaugh, an individual. No corporation or company is a party to this appeal. *See* Fed. R. App. P. 26.1(a); 3d Cir. L.A.R. 26.1.1 (2008) (as modified March 8, 2010).

## STATEMENT OF ORAL ARGUMENT

Appellant respectfully requests that this matter be decided based on the briefs.  No oral argument is requested.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1.      Whether the Trial Court erred in failing to find a violation of the Treaty between the United States and Canada?

2.      Whether The Trial Court Erred In Failing To Suppress The Evidence Obtained Through The Search Warrant Due To Violation Of The Fourth Amendment?

3.      Whether the Facts Known at the Time the Warrant was Issues were Sufficient to Issue a Warrant for Any Items Aside of One Specific Camera or Specific Pictures?

4.      Whether the Trial Court Erred in Determining that the Internet Protocol Justified the Search?

5.      Whether the Trial Court Erred in Denying the Motion for Acquittal?

6.      Whether the Trial Court Erred in Admitting the Custodial Interrogation of the Appellant?

7.      Whether the Proportionality of the Punishment of the Criminal Offense Results in Cruel and Unusual Punishment?

**STATEMENT OF THE CASE**

On March 23, 2011, Michael Strausbaugh, (heretofore referred to as "Appellant"), and his wife Rebecca Strausbaugh, were indicted for producing child pornography on December 28, 2010, using materials that have been shipped, mailed or transported in interstate or foreign commerce in violation of 18 U.S.C. §2251(a) and (e). In addition, Appellant was charged with distributing child pornography in violation of 18 U.S.C. §2252(a)(2) and (b), and possessing child pornography in violation of 18 U.S.C. §2252A(a)(5)(B).

On May 4, 2011, the Appellant and his wife were the subject of a superseding indictment which added two additional counts charging them with using interstate materials on December 2, 2010 and August 21, 2010 respectively, with an third count containing a forfeiture allegation seeking criminal forfeiture of the Appellant's home located at 1946 East Berlin Road, New Oxford, Adams County, Commonwealth of Pennsylvania in addition to other property used in the alleged commission of the offenses charged.

The Trial Court denied a suppression motion and, at the close of the Government's case, denied a motion for acquittal.

A Jury Verdict was entered on October 26, 2011. Appellant was found guilty of five of the six Counts and Appellant's Wife was found guilty on three counts.

## STATEMENT OF RELATED CASES AND PROCEEDINGS

This case has not been heard before this Honorable Court before.  Appellant and Appellant's Wife have filed separate appeals.

## STANDARD OF JURISDICTION AND REVIEW

Because Appellant was charged in an indictment with violations of federal criminal law, the district court had subject matter jurisdiction over the case pursuant to 18 U.S.C. § 3231. Based upon the timely filing of notices of appeal by the Appellant from the orders of judgment in a criminal case entered by the district court, this Court has jurisdiction over this matter under 28 U.S.C. § 1291. In addition, this Court has jurisdiction pursuant to 18 U.S.C. § 3742 to review the sentences imposed on the defendant.

## SUMMARY OF THE ARGUMENT

The genesis of this case was a picture taken by Appellant and his wife of a child while Appellant's wife was changing the child's diaper. This picture is not child pornography under either the Canadian definition or the United States Code definition. The image was found on a pedophile's computer in Canada. The image was transmitted to United States law enforcement in violation of the Treaty between the Countries, as this image was not evidence of a crime.

A warrant was sought by United States law enforcement, relying heavily on this picture, but without attaching same to the warrant application. The Warrant misled the Court into believing probable cause existed to grant the warrant.

After the close of the Government's case, the Trial Court considered Appellant's motion for acquittal overnight. It was then improperly denied.

The Appellant's sentence is Cruel and Unusual in that it violates the concept of proportionality as he received a sentence far more significant than that received by individual's guilty of far more heinous criminal acts.

**ARGUMENT**

I.    WHETHER THE TRIAL COURT ALLOWED A VIOLATION OF THE TREATY

BETWEEN THE UNITED STATES AND CANADA

The Mutual Legal Assistance Treaty (heretofore known as "The Treaty") provides that the United States and Canada can assist each other in the gathering of evidence which is fruit of criminal activity.

On February 5th, 2011, Appellant sent a picture of the Appellant's 8-month old niece who was having her diaper to a man (in the investigation in Canada along with an e-mail, which stated, "here is a preview send some back and I will send set I like personal pics." see, Toronto Police Service Report (heretofore referred to as "T.P.S.R") (Appendix E; Page 42a)

This man responded telling me he wanted to "slurp baby pussy." (Appendix E; Page 43a)

Obviously, this man had been under investigation by Canadian authorities for producing Child Pornography of his niece and making her available to others for Sexual Abuse. He was arrested on February 23rd, 2011, confessed, and gave Canadian authorities access to his computer.

On that date, February 23rd, 2011 the Canadian authorities found the email on his computer and the picture.

As in any judicial process, Law Enforcement must analyze whether this picture constituted "fruits of a crime."

Under the CANADIAN CRIMINAL CODE, Definition of Child Pornography means:

(a)    a photographic, film, video, or other visual representation whether or not it was made by electronic or mechanical means,

(i) that shows a person who is or is being depicted as being under the age of

eighteen years and is engaged 1n, or is being depicted as being engaged in explicit sexual activity, or

(ii) the dominate characteristic of which is the depiction for a sexual purpose, of sexual organ or the anal region of a person under the age of eighteen years, or.....Regarding Written Material,

In this case, the picture of the child herself is a full shot of the entire body from above her head to below her feet. No sexual activity is depicted.

Merely because the genital organs of a person naturally wind up in the center of a full body shot does not mean that the "Central Focus of the camera" is necessarily aimed at the genital area.

However, most relevant is that the central "intention" is not on the genital area just because you can see that area. The child is not posed in a position so as to suggest sexual activity is, was or could take place, and the child was certainly not involved in sexual activity, as would be required by Canadian Criminal Code to make a determination that the picture in question resulted in Child Pornography.

Further, assuming arguendo, that the email-along with the Canada picture-and entailing email-may suggest nudity, none of the emails advised or directed the attention of the Canadian recipient to view the genitals or any specific part of the body, nor do they suggest viewing for sexual pleasure. Thus, because the Canada picture was not illegal under Canadian Criminal Code, the transfer of this picture to United States Authorities through and by the Mutual Legal Assistance Treaty [or by any other means], as, "fruits of a crime", was unjustifiable by Law and therefore violated the Treaty; or otherwise obtained in violation of the Laws, Constitution and Treaties of the United States.

II.    WHETHER THE TRIAL COURT ERRED IN NOT SUPPRESSING THE EVIDENCE
OBTAINED BY THE WARRANT

Second, and in conjunction with the above, the warrant obtained for Appellant,
Appellant's property and personal effects was in violation of the Fourth Amendment [U.S.
Const. amend. IV] as probable cause was based upon the "Canada Picture" and email.

Even if the Canada Picture could be declared as "Fruits of a Crime," the United States
Criminal Code would not define the Canada Picture as child pornography.  Specifically, 18
U.S.C. § 2256 (8) is the general statute which defines "Child Pornography." Child pornography
means, any visual depiction, including any photograph, film, video, picture or computer or
computer-generated image or picture, whether made or produced by electronic, mechanical, or
other means, of sexually explicit conduct where:

(A)    The production of such visual depiction involves the. use of a minor
engaging in sexually explicit conduct;

(B)    Such visual depiction is a digital image, computer image, or computer-
generated image that is, or is in indistinguishable from, that of a minor engaging
in sexually explicit conduct, or;

(C)    Such visual depiction has been created, adapted, or modified to appear that
an identifiable minor is engaging in sexually explicit conduct.

Title 18 U.S.C. § 2256(2) et seq. defines "Sexually Explicit Conduct" to mean, actual or
simulated sexual intercourse; or, as charged, (v) Lascivious exhibition of genitals or pubic area
of any person. The definition of "Lascivious Exhibition" is found in Title 18 U.S.C. § 2256(2)
(E) which provides that, "···.a picture is lascivious when, the child is nude or partially clothed,
focus of depiction is child's genitals or pubic area, and *image is intended to elicit sexual*

*response of viewer*." (Emphasis Added)

In addition, <u>United States v. Kemmerling</u>, (2002, CAB Iowa) 283 F.3d 644, cert. denied (2002), 537 US 860, 154 L.Ed.2d 99, 128 S.Ct. 237, "More than mere nudity is required before an image can qualify as lascivious" within the meaning of § 2256 (2) (E). A picture is "Lascivious" only if it is sexual in nature."

The Third Circuit adopted the "Dost Test" to determine Lasciviousness, and uses 6-factors:

(1)    Whether focal point of visual depiction was on child's genitalia or pubic areas.

(2)    Whether setting on visual depiction was sexually suggestive, i.e., in place or pose generally associated with sexual activity.

(3)    Whether child was depicted in unnatural pose, or inappropriate attire, considering age of child.

(4)    Whether child is fully or partially clothed or nude.

(5)    Whether visual depiction suggest sexual coyness or willingness to engage in sexual activity.

(6)    Whether visual depiction was intended or designed to elicit sexual response in viewer.

See <u>United States v. Larkin</u>, (2010 CA3 PA) 629 F.3d 177, citing, <u>United States v. Dost</u>, (1986 S.D. CAL) 636 F.Supp. 828, affd' (1987 CA9 CALO 812 F.2d 1239, cert. denied, (1987) 484 US 556, 108 S.Ct. 164, 98 L.Ed.2d 118.

As demonstrated above, the "Canada Picture" does not fall within the above Statutory definition of Child Pornography under United States Code.

The USA may contend that with respect for the definition of lascivious exhibition,

10

"intended to elicit sexual response of viewer" applies because the Canada Picture fell in the hands of a charged pedophile. Notably, this is not stated within the four corners of the Application and Affidavit for Search Warrant.

However Larkin, supra, further provides that "child porn is not created when a pedophile derives sexual enjoyment from an otherwise innocent photo. Private fantasies are not within the statutes ambit." (citing United States v. Wiegand, 812 F.2d 1239, 1245 (9th Cir. 1987)) "When a picture does not constitute porn even though it displays nudity; it does not become child porn because it is placed in the hands of a pedophile, or in a forum where pedophiles might enjoy it." Faloona v. Hustler Magazine Inc., 607 F.Supp. 134 (N.D. Tex. 1995) cited by Larkin, supra.

If the government contends that the "Canada Picture" falls within the "4th and 6th factor of the 'Dost Test," regarding fully or partially clothed or nude; and whether visual depiction was intended or designed to elicit sexual response of the viewer, again, not claimed in the Application for Search Warrant. This again brings into play the Kemmerling holding that "more than mere nudity is required before an image can qualify as "Lascivious, it must be sexual in nature." Id, and as demonstrated above, "the central 'intention' is not on the genital area ....and the child is not posed in a position so as to suggest sexual activity is, was or could take place."And the adjoining email[s]. "Does not advise nor direct the attention of the viewer to any body part, or suggest sexual activity."

For the sake of the "4th Dost factor", (nudity or partial nudity) Faloona v. Hustler Magazine Inc., 607 F.Supp. 1341 (N.D. Texas 1995) cited by Larkin, supra, held that, "nude pictures of children do not constitute child porn whether published in 'Legitimate' Sex Atlas or in 'Raunchy' Hustler Magazine, because they did not depict children engaged in sexual conduct." United States v. Villard, 885 F.2d 117, 125 (3d Cir. 1989); Weigand & Kimmerling, Supra.

11

However, a warrant was subsequently obtained by misrepresenting the Canada Picture and emails to establish probable cause, [the court never saw the Canada Picture?]

The Court adopted a 'totality of the circumstances test.' Id. at 238. The Court held,' [t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of evidence of a crime will be found in a particular place. And the duty of the reviewing court is simply to ensure that the Magistrate had a 'Substantial Basis for ...Concluding that probable cause existed." Illinois v. Gates, 462 US 213, 238 (quoting, Jones v. United States, 362 US 257, 271, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960)).

In United States v. Woods, 254 Fed. Appx. 889 (3d Cir. April 23, 2008), the Third Circuit dealt with "informants" much like Gates, where the lenience of the "veracity" of an informant and "their information" could be used, the magistrate must consider not only the informant's information but consolidate the facts obtained from the officers investigation in making a common-sense determination of the totality-of-the-circumstances of the particular case, whether a substantial basis for concluding that probable cause exists to issue a warrant.

However, the Supreme Court Justices in Gates, supra, specifically state that, "the rigid 'two-prong test' of Aguilar v. Texas, 37 US 108, 9 L.Ed. 1017 (1964) and Spinelli v. United States, 393 US 410, 89 S.Ct. 584, 21 L.Ed. 637 (1969), for determining probable cause in actions involving informants would be abandoned, and a 'totality of the circumstances' approach substituted its place, and the Aguilar-Spinelli, frame work applies to the validity of the warrant. So the Aguilar-Spinelli two-prong test is still valid in respects of "veracity" and "basis of knowledge", Gates, supra just adds the "totality of the circumstances" analysis when concerning identified or "unidentified informants", which Aguilar already had.

12

As would apply to this instant case, the still valid <u>Aguilar</u>-<u>Spinelli</u>, supra, two prong test must apply, as informants are not in question, but the officers constantly engaged in "ferreting out crime" is the subject of review.

The United States Postal inspector, Michael J. Corricelli, submitted an Application and Affidavit (Appendix E 34a – 60a) to the United States Magistrate Judge, J. Andrew Smyers, explaining that he had probable cause to believe that the Appellant had fruits of criminal activity in my home that would be in violation of Title 18 U.S.C. § 2251(a) and §2252A, Production and Distribution of child pornography.

Corricelli supports this allegation upon a 17 page Affidavit; two pages of which describe the information obtained from Canada, regarding the arrest of the Canadian resident for his illicit conduct, finding my email[s] and are-citation of the Canada Picture. (Appendix E; Pages 41a – 47a)

While re-describing the Canada Picture (Appendix E; Pages 42a – 43a), Corricelli also describes two specific emails from me which state, "here is a preview send some back and I will send set I like personal pics: February 5th, 2011, 4:49 P.M." and, "I have some good pics nude of 8 month old niece let me know if you want to trade if you have nude: February 5th, 2011, 4:30 A.M." These emails do not suggest the Production or Distribution of, or suggest, Child Pornography, or any other "Crime"; only "Nudity" and "Personal Pictures" are mentioned and are not illegal in the United States.  <u>Faloona v. Hustler Magazine Inc.</u>, supra.

According to Corricelli, he is basing his presentation to the Magistrate merely on what the Canada report [T.P.R.S.] describes, and not on actual evidence that was provided to them, and thereby misleading the Court to believe that the Canada Picture's "central focus is on the child genitals."  Corricelli provides pictures in his affidavit of the Appellant's house via street

and a satellite image of the compound on which my home and business sits (Appendix E; Page 53a), but not the Canada Picture. Obviously because the Canada Picture could not be considered child pornography without misrepresenting it to the Court.

Aguilar v. Texas, supra, explains that, "the point of the Fourth Amendment prohibiting unreasonable searches and seizures, is not that it denies Law Enforcement the support that the usual inferences which reasonable men draw from evidence; rather, its protection consists in requiring that those inferences be drawn by a natural and detached magistrate instead of being judged by the officer engaging in ferreting out the crime. Aguilar, supra, citing Jones v. United States, 362 US 257, 270, 4 L.Ed. 697, 708, 80 S.Ct. 725, 78 ALR2d 233; Giordenello v. United States, 357 US 480, 2 L.ed 1503, 78 S.Ct. 1245; Johnson v. United States, 333 US 10, 14, 92 L.Ed. 436, 440, 68 S.Ct. 367.

In Nathanson v. United States, 290 US 41, 78 L.Ed. 159, 54 S.Ct. 11, a warrant was issued upon the sworn allegation that the affiant "has cause to suspect and does believe" that certain merchandise was in a specified location. Id., at 44, 78 L.Ed. at 160. The Court, noting that the affidavit "went upon mere affirmation of suspicion and belief, without any statement of adequate supporting facts." Id., at 46, 78 L.Ed. at 161. The Court announced the following rule:

"Under the Fourth Amendment, a Magistrate may not properly issue a warrant to search a private dwelling unless he can find probable cause therefore from facts or circumstances presented to him under oath or affirmation. Mere affirmation of belief or suspicion is not enough." Id., at 47, 78 L.Ed. at 162.

As demonstrated above, the Canada Picture and email[s] do not depict, demonstrates, suggest or describe child pornography in any way.

To consider the "weight" of the remainder of Corricelli's affidavit, even as to the totality

of the circumstances, Corricelli demonstrates an extensive investigation-as result of the above Canada discovery, conducted by him, et al, which consist of 15 of 17 pages, that in no way, form, or fashion result in or demonstrates that an actual crime had been committed by the Appellant or anyone in the Appellant's home, nor that there is any reason to believe that the Appellant's person, house, papers, effects, or other property contained or concealed fruits of a crime.

The mere fact the Appellant's email refereed to, "I have some good pics nude of 8 month old niece," could only launch a warrant for the "pictures" (Appendix E; Pages 42a, 55a – 56a) which is again unjustifiable because the "picture" did not constitute child pornography or otherwise, fruits of a crime.

The Third Circuit holds that the Judge considering an Affidavit for a warrant "may give considerable weight to the conclusion of experienced Law enforcement officers." United States v. Hopkins, 220 Fed. Appx. 155 (3d Cir. March 30; 2007).

To make this consideration, Corricelli gives extensive and rather impressive description of his education in Law enforcement (Appendix E, Pages 36a – 40a) of which, with respect to his knowledge of the Canada evidence [i.e., Canada Picture and emails] as well as his investigation described in the affidavit, his intelligence in sexual exploitation of children, etc., is not supported by any facts or evidence and merely results in Corricelli's personal "Beliefs" and "Suspicions", clearly not enough to establish probable cause.

The United States Magistrate Smyers, did not have lawful authority with respect to the Fourth Amendment to issue a warrant as the facts presented to him in Corricelli's affidavit, etc., did not establish that probable cause existed.

III.    WHETHER THE TRIAL COURT SHOULD HAVE LIMITED IT'S FINDING OF

PROBABLE CAUSE TO A SPECIFIC CAMERA AND SPECIFIC PICTURES (IN THE

ALTERNATIVE)

    Appellant strongly believes that the Warrant was wholly improper and not supported by

probable cause. However, in the alternative, if the Court concludes the Warrant has averments of

probable cause, those averments should restrict the warrant to "items to search for and be seized"

as only a "Konica Minolta Dimage Z20 digital camera" which produced a full body shot picture

of a partially nude child, and possibly a "few" more like pictures.  (Appendix E; Pages 54a –

56a)

    Corricelli avers (Appendix E; Page 52a) that based upon the information he provides in

pages 18 - 40 of his affidavit, paragraphs 18 – 27 refers to the Canadian investigation, i.e.,

Canada Picture and emails, probable cause exists to believe that the Appellant has produced

and/or distributed child pornography as described in his Affidavit (Appendix E; Page 43a, ¶23 is

the Canada picture PICT 0321 described in Ground I and II above); and "Based upon his

knowledge, experience, and training in child pornography investigations ...He knows that there

are certain characteristics common to individuals involved in...child pornography."

    Thus, as prohibited by the Supreme Court in <u>Nathanson v. United States</u>, 290 US 41, 78

L.Ed 159, 54 S.Ct. 11, Corricelli is giving a "mere affirmation of his "suspicion", that child

pornography is in the premises of Appellant's home, that the Appellant produced and/or

distributed above, the evidence he had obtained from the Canadian investigation, which was not

child pornography.

    Therefore, Corricelli, having the experienced mindset to visually inspect and make a split

second determination that the Canada Picture is in no way, form or fashion, a depiction of a child

engaged in sexually explicit conduct, nevertheless, he knowingly and intelligently misrepresented the picture to the court, under official oath, merely to obtain a warrant which infringed upon the privacy and Fourth Amendment rights of the Appellant, even after an investigation from February 25th, 2011 (Appendix E; Page 47a ¶40) until March 16th, 2011, that did not lead in any way to reasonably believe that a crime of "any nature" had been committed."

As set out in the Rule provided by the Supreme Court in Nathanson v. United States, supra, the court specifically provides in pertinent part, "· ..A magistrate may not properly issue a warrant to search a private dwelling unless he can find probable cause there from facts or circumstances presented to him under oath or affirmation. Mere affirmation of belief or suspicion is not enough." Id., at 290 US 41, 47, 78 L.Ed. at 162.

Further, the Supreme Court makes it clear that probable cause to issue a warrant will be determined "by a neutral and detached Magistrate instead of being judged by the officer engaged in ferreting out the crime." see Aguilar, supra; at pg: 16, of Ground II above, citing Jones v. United States, 362 US 257, 270, 4 L.Ed. 697, 708, 80 S.Ct. 725, 78 ALR2d 233; Johnson v. United States, 333 US 10, 14 [92 L.Ed. 436, 440, 68 S.Ct. 367].

As established above, the Canada picture, including the emails to the Canadian resident, do not depict, suggest, imply or direct one to believe child pornography crimes had been violated under United States or Canada criminal codes.

In United States v. Alkhabaz, 104 F.3d 1492 (6th Cir. 1997) it was held that the transmission of email messages posted on an interactive news group describing the torture, rape and murder of a young woman who shared the name of one of the defendant's classmates, did not fall within the Federal Statute of 18 U.S.C. §875(c), which prohibits interstate communications containing threats to kidnap or injure another person, because the emails were sent in an attempt

to foster a friendship based on shared sexual fantasies, rather than communications containing a threat to kidnap or injure a person.

In the instant case, The Appellant merely indulged in a less than 2 minute overall correspondence to "ignite" a friendship through email to swap private pictures of children, and the emails did not suggest, ·or encourage the crime of child pornography, or any other crime.

The very same, in this instant case must apply, as the Fourth Amendment,  as <u>United States v. West</u>, 520 F.3d 604 (6th Cir. 2007) points out, prohibits the misrepresentations,   bare bones allegations, and lack of probable cause. See also, <u>Franks v. Delaware</u>, 438 US 154, 155, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978)(prohibiting warrant affidavits made with reckless disregard for the truth.)

The record is replete in the subject that Corricelli infringed upon the loyalty and power invested in him as an officer and agent of the law, as well as the courts trust and expectation of Corricelli to carry out his oath to uphold, support and abide by the Laws and Constitution of the States and the United States in furtherance to assure that all citizens, such as the Appellant, are protected under those Laws and Constitutional provisions.

The warrant in respect of a "Camera", "Pictures", or any other chattels or assets, under these circumstances is invalid, and any direct or subsequent evidence obtained there from, or thereafter, of any kind, is fruits of the poisonous tree and cannot sustain a conviction against the Appellant. <u>Aguilar</u>, <u>Spinelli</u>, <u>Gates</u>, <u>Franks</u>, <u>Kimmerling</u>, and <u>Nathanson</u>, Supra.

IV.    WHETHER THE INTERNET PROTOCOL INVESTIGATION PROVED FERTILE TO SUPPORT PROBABLE CAUSE TO ISSUE A WARRANT

Google Inc., provided requested information regarding wantmelittle@gmail.com registered to Bob Smith, to include a printout of 188-login and logouts of various IP Addresses

being associated with the Bob Smith Account.

      Three IP Addresses were randomly picked (Appendix G; Pages 71a – 75a) [to include the three addresses associated with the most recent date provided by Google Inc. February 25th, 2011] that had been registered to three different individuals, one of which happened to be the Appellant's wife's IP Address, being used on the same email account as everyone else. Appellant's wife's IP Address was not the IP Address that sent the email, etc., to Canada.

      During this investigation, the Bob Smith address of wantmelittle@gmail.com was associated with the Strausbaugh name as well as other names, and does not pinpoint therefore the Strausbaugh email or residential address, with respects to "probable cause" to issue a warrant, not to exclude the facts, as demonstrated in Grounds I, II and III above, that the "Canada Evidence" did not suffice to support a search or investigation for criminal activity, much less to cause the invasion of my home, as Corricelli, et al, Law enforcement investigating this cause, had foreknowledge that the Wi-Fi hot spot device was portable and may be located in the possession of my wife, which allowed multiple people to use that device at the same time.

      The actual IP Address of wantmelittle@gmail.com, associated with the Canada correspondence on February 5th, 2011 in the 188-address printout was never investigated as to who these addresses were associated with.

      The random February 25th, 2011 IP Address picks, as demonstrated above, do not relate to the February 5th, 2011 IP Addresses used in an alleged crime with Canada, and again, do not pinpoint the Appellant's address location as suspicion of criminal activity in anyway.

      Certainly, the facts presented herein regarding IP Addresses are inconclusive as to the investigation of the actual IP Address related to Canada, and probable cause, in this respect, did not exist to support the issuance of a warrant.

The Third Circuit has held that. "· ..It is our job to determine that the magistrate has a "substantial basis" to conclude that the affidavit supporting the warrant established probable cause." <u>United States v. Jones</u>, 994 F.2d 1051, 28 V.I. 375 (3d Cir. 1983). "During this process, we must only assess the facts presented to the magistrate judge, in this case, what was before her within the 'four corners' of the supporting affidavit." <u>Id</u> at 1055. In doing so, we must pay great difference to the magistrate judge findings of probable cause. <u>Illinois v. Gates</u>, 462 US 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). But, this does not mean the reviewing courts should simply rubber stamp a magistrate [judge's] conclusion," <u>United States v. Tehfe</u>, 722 F.2d 1114, 1117 (3d Cir. 1983).

## V.    WHETHER THE TRIAL COURT ERRED IN DENYING THE MOTION FOR ACQUITTAL

At the close of the Government's case, Appellant's trial counsel moved for an acquittal based upon insufficiency of the evidence (Appendix I; Pages 356a – 374a).  Though the Trial Court considered this motion overnight, it came to the improper conclusion when it denied same.

The Canada photograph identified as PICT 0321, does not qualify as child pornography under United States or Canada Criminal Code.  Further, for this "Canada Picture" the Appellant was charged with 18 U.S.C § 2252, Distribution of child pornography that had traveled in interstate or foreign commerce. Thus to satisfy this element[s] the Government did not/could not show that an actual purchase or sale was ever made, or that it effected a regulatable market during this interstate "Correspondence," as would be required by <u>Gonzales v. Raich</u>, 545 US 1, 125 S.Ct. 2195, 162 L.Ed.2d 1(2005) and <u>Wickard v. Filburn</u>, 317 US 111, 63 S.Ct. 82, 87 L.Ed. 122 (1942), then the Government did not satisfy that the Canada Picture was child pornography,

nor effected commerce or an economic enterprise/market. Herefore, the evidence was insufficient to support a conviction under 18 U.S.C. § 2252.

As demonstrated above, the Government did not satisfy the critical element of "Effecting Commerce Economic Nature," which the Government 'could not satisfy as their "Commerce" jurisdiction ended when those products were distributed to their destination in the Appellant's state to be sold.  They were the Appellant's, and therefore no economic market was attached to them, so they were not regulatable.

However, should it matter at all, the Government was well aware via, FBI/USPIS statements by me and the Appellant's wife that the "Canada Picture" was a picture taken while the child's diaper was being changed and she was acting silly, the intent was a precious moment, not creation of child pornography, as the "Canada Emails clearly define, "Personal Pics," and not "Child Pornography."

The subsequent pictures involving the Appellant and his wife exposing the genitals as explained in FBI investigation and interrogation, was to "collect evidence" against Appellant's mother-in-law's sexually abusive actions irritating the genital area as the pictures expose "skin irritation", and not intended to create "child pornography." The intent to create child pornography does not exist.

Further, during the Government's presentation of their evidence on the first day of Appellant's trial, their forensic expert was afforded time to search the evidence on the camera, who, after inspection, testified that he did not relate any photograph contained in the camera as what should be considered child pornography. (Appellant's Appendix H; Page 336a)

Thus, the evidence produced at trial by the US Attorney, does not suffice to satisfy the specific elements of the crime alleged against me, and therefore Appellant's charges must be

dismissed.

VI.    WHETHER THE COURT ERRED IN ADMITTING THE CUSTODIAL INTERROGATION OF THE APPELLANT

In light of the nature of the statement, it in no way concedes to breaking Federal Law, nor does it establish actions affecting commerce in an economical sense as would be required by law and the Constitution.   More importantly, however, is the fact that the admissions claimed therein were obtained through improper coercion.

In United State v. Bonner, 469 Fed. Appx. 119, 2012 U.S. App. LEXIS 8823 (3d Cir. April 16, 2012) the court holds that, "a statement made during a custodial interrogation is "inadmissible at trial unless the prosecution can establish that the accused in fact knowingly and voluntarily waived [his Miranda] rights when making the statement." citing Berghurs v. Thomkins, 130 S.Ct. 2250, 2260, 176 L.Ed.2d 1098 (2010) (construing Miranda v. Arizona, 348 US 436, 86 S.Ct. 1602, 16 L.Ed.2d 286 (1979), such a waiver must be (1) "voluntary in the sense that it was the product of free and deliberate choice rather than intimidation, coercion, or deception" and, (2) "made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." Id.

In this instant case, on the first day of trial, Inspector Corricelli testified and conceded that he in fact lied to Appellant and promised that Appellant would go to a "Rehabilitation" center instead of "Jail," which is a tactic he uses to encourage suspects to talk to him. (Appellant's Appendix Page 295a) This is clearly a confession under oath by Corricelli that he did in fact deceive Appellant into giving a statement by coercing the Appellant to believe the Appellant would receive no punishment.

As such, the Appellant did not "Knowingly and Voluntarily" abandon his <u>Miranda</u> rights to be used against him in a criminal proceedings, as it was understood by the Appellant that if he talked to Corricelli, the Appellant would not face a criminal proceeding, but "Rehabilitative Program." In essence, the Appellant believed that the only consequence to his statement would be a referral for rehabilitation. This is not a mere promise of leniency or that the law enforcement agent would "put in a good word with the Prosecutor", but, rather, was a "quid pro quo" arrangement with the Appellant in which the promise of no prosecution and a rehabilitation program were exchanged for a statement that arguable implicates the Appellant.

VII.    WHETHER THE PROPORTIONALITY OF PUNISHMENT OF THE CRIMINALOFFENSE RESULTS IN CRUEL AND UNUSUAL PUNISHMENT.

Pretrial, and at Sentencing, Appellant's Attorney preserved an Eighth Amendment Cruel and Unusual Punishment issue for appeal, relying on <u>United States v. C.R.</u>, 792 F.Supp.2d 343, 2011 U.S. Dist. LEXIS 53497 (E.D.N.Y. 2011) regarding proportionality.

The Court decided to sentence the Appellant to 45 years and the Appellant's Wife 15 years (Appendix B). However, with respect to proportionality and the overall nature of the offense, the punishment is cruel and unusual.

<u>C.R.</u>, supra, with respects to "Proportionality," relied on in <u>Graham v. Florida</u>, 130 S.Ct. 2011, 2021 (2010) who held that, "to determine whether a punishment is constitutionally cruel and unusual, 'courts must look beyond historical conception to the evolving standards of decency that marked the progress of a mature society." <u>Id</u>. Moreover, the Eighth Amendment requires proportionality in the sentence imposed for a crime. Application of this principle has been of increasing concern. <u>Id</u>.

In light of this holding, it is crucial to consider the following comparison to the case of Joe Champion, as discussed in United States v. Kane, 470 F.3d 1277 (8th Cir. 2006) where Champion paid to have a mother [Kane] hold down her 9-year old child while Champion raped the girl twice a week for two years. During these rapes, the child experienced such trauma that she passed out. The damage to the child physically and emotionally is unimaginable and unconscionable. Further, the action of Champion paying Kane for the privilege of her assistance during these rapes highlights her role.

However, using the sentencing guidelines, applying all enhancements, and granting only acceptance of responsibility, the district court determined the guideline range was 151-188 months and so sentenced Champion to 12 years and Kane received 10 years for her role.  (Id. at 1282)

It is disproportional at a cruel and unusual level to sentence a mother who held her child down for a rapist to receive less than ¼ of the time that Appellant, whose crimes found by the jury are limited to criminal photography.

Consider a child pornography case.  In United States v. Irey, 612 F.3d 1160 (11th Cir. 2012) the Defendant raped, sodomized and sexually tortured fifty or more little girls as young as four years of age two weekends out of each month for a period of five to six years. Irey scripted, cast, starred in, produced and distributed worldwide some of the most graphic and disturbing child pornography the world has seen. Originally Irey was sentenced to 17 years, but the appellate court resentenced Irey to 30 years.  Here, Irey's sentence is 2/3 of the sentence the Appellant received.

In the instant case, Appellant took pictures of his niece while being changed and received 45 years.  Certainly proportionality is an issue here, considering Appellant's Wife received 15-

years for the same actions.

In the instant case, two photos of one individual, who was not tortured or otherwise raped, received 45 years, and <u>Irey</u>, supra, raping, sodomizing and torturing well over fifty victims, producing thousands of photos and videos thereof, and receiving only 30 years, is a significant proportionality problem.

Appellant's sentence of 45 years is cruel and unusual, as is anything more than 12 ½ years as demonstrated in <u>Champion</u>, supra.

## **<u>CONCLUSION</u>**

Appellant's conviction was obtained through numerous violations of law and Trial Court errors.

Alternatively, Appellant is entitled to a sentence not exceeding 12.5 years.

RESPECTULLY SUBMITTED:

<u>/s/ Brett J. Riegel</u>
Pennsylvania State Bar No. 76448
Attorney for Appellant Michael Strasbaugh
Anders, Riegel & Masington LLC
18 North 8th Street
Stroudsburg, PA 18360
Tel: (570) 424-1117
Fax: (570) 424-2814
Email: brett@armlawyers.com

## CERTIFICATE OF BAR MEMBERSHIP

The undersigned hereby certifies pursuant to L.A.R. 46.1 that I was duly admitted to the

Bar of the United States Court of Appeals for the Third Circuit on October 26, 2001, and I am

presently a member in good standing at the Bar of this Court. 3d Cir. L.A.R. 28.3 (d).

Respectfully submitted March 27, 2013,

/s/ Brett J. Riegel
Pennsylvania State Bar No. 76448
Attorney for Appellant Michael Strasbaugh
Anders, Riegel & Masington LLC
18 North 8th Street
Stroudsburg, PA 18360
Tel: (570) 424-1117
Fax: (570) 424-2814
Email: brett@armlawyers.com

### <u>CERTIFICATE OF WORD COUNT AND COMPLIANCE WITH RULE 32(a)</u>

**Certificate of Compliance With Page Limitation, Type-Volume Limitation, Typeface Requirements, and Type Style Requirements**

1.      This principal brief complies with the page limitation of Fed. R. App. P. 32(a)(7)(A) because it does not exceed 30 pages.

2.      This brief also complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 6,082 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

3.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2007 in size 12 Times New Roman font.

Respectfully submitted March 27, 2013,

/s/ Brett J. Riegel
Pennsylvania State Bar No. 76448
Attorney for Appellant Michael Strasbaugh
Anders, Riegel & Masington LLC
18 North 8th Street
Stroudsburg, PA 18360
Tel: (570) 424-1117
Fax: (570) 424-2814
Email: brett@armlawyers.com

## CERTIFICATE OF SERVICE UPON COUNSEL

I hereby certify pursuant to Fed. R. App. P. 25(b) that I electronically filed the BRIEF FOR APPELLANT with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the appellate CM/ECF system on March 14, 2013 and sent 10 hard copies of the brief to the Clerk's Office on the same day. I certify that the following participant is a registered CM/ECF user who has consented to electronic service [Fed. R. App. P. 25(c)(1)(D)]; that service will be accomplished by the appellate CM/ECF system; and that I have served one copy of the paper BRIEF FOR APPELLANT on this participant by U.S. certified mail:

Daryl Ford Bloom
U.S. Attorney's Office
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, PA 17108
717-221-4482
Fax: 717-221-2246
Email: Daryl.Bloom@usdoj.gov

*See* Fed. R. App. P. 25(d)(1)(B); 3d Cir. L.A.R. 31.0 (d).

Respectfully submitted March 27, 2010,

/s/ Brett J. Riegel
Pennsylvania State Bar No. 76448
Attorney for Appellant Michael Strasbaugh
Anders, Riegel & Masington LLC
18 North 8th Street
Stroudsburg, PA 18360
Tel: (570) 424-1117
Fax: (570) 424-2814
Email: brett@armlawyers.com

## CERTIFICATE OF IDENTICAL COMPLIANCE OF BRIEFS

I certify that the text of the electronic brief is identical to the text in the

paper copies. 3d Cir. L.A.R. 31.0 (c).

Respectfully submitted March 27, 2013,

/s/ Brett J. Riegel
Pennsylvania State Bar No. 76448
Attorney for Appellant Michael Strasbaugh
Anders, Riegel & Masington LLC
18 North 8th Street
Stroudsburg, PA 18360
Tel: (570) 424-1117
Fax: (570) 424-2814
Email: brett@armlawyers.com

## <u>CERTIFICATE OF VIRUS CHECK</u>

I certify that Microsoft Security Essentials (virus definition last updated March 13, 2013), a virus detection program, has been run on the electronic file of this brief and no virus was detected in accordance with 3d Cir. L.A.R. 31.0 (c).

Respectfully submitted March 27, 2013,


/s/ Brett J. Riegel
Pennsylvania State Bar No. 76448
Attorney for Appellant Michael Strasbaugh
Anders, Riegel & Masington LLC
18 North 8th Street
Stroudsburg, PA 18360
Tel: (570) 424-1117
Fax: (570) 424-2814
Email: brett@armlawyers.com